UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BLUECROSS BLUESHIELD<br>OF TENNESSEE, INC., | |
| Plaintiff, | Case No. |
| v. | |
| LAURIE S. LEE, in her official capacity as<br>Executive Director of the Department of<br>Finance and Administration<br>(Benefits Administration) for the<br>State of Tennessee, | |
| and | |
| JOHN AND JANE DOES 1-100, in their<br>official capacities as employees of the State<br>of Tennessee, | |
| Defendants. | |

## UNOPPOSED MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff BlueCross BlueShield of Tennessee, Inc., (hereinafter "BCBST" or Plaintiff) moves, pursuant to Federal Rule of Civil Procedure 65, for a Temporary Restraining Order ("TRO") to enjoin Laurie S. Lee, in her official capacity as Executive Director of the Department of Finance and Administration (Benefits Administration) and the John and Jane Doe 1-100 defendant employees of the State of Tennessee acting in their official capacities (all collectively "the State Employee

4848-6861-6366.1-1542-6990.1

1

Defendants") from disclosing to Representative Martin Daniel confidential, proprietary, trade secret, and otherwise sensitive information (hereinafter BCBST "Confidential Information") because doing so will violate the Sherman Act and BCBST's rights under the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment. Upon entrance of the TRO, BCBST requests that the Court ultimately enter a preliminary and then permanent injunction barring the disclosure of the Confidential Information.

As explained in the attached Declaration of Scott Pierce, BCBST's Chief Operating Officer, BCBST has learned that the State Employee Defendants have agreed to produce the BCBST Confidential Information in response to Representative Daniel's "open records" request. The State Employee Defendants have agreed to produce the BCBST Confidential Information to Daniel on or about December 16, 2019, thus necessitating this Motion for Temporary Restraining Order.

BCBST does not believe the open records request is legitimate. That is, upon information and belief, BCBST alleges that Representative Daniel has made the request at the behest of an actual or potential competitor of BCBST. However, whatever the legitimacy of the request, the disclosure of the information clearly violates the Sherman Act and BCBST's rights under the United States Constitution, which would trump a claim of obligation under a state open records law in any event.

*Collins v. Virginia*, 138 S. Ct. 1663, 1678 (2018) ("Federal law trumps state law only by virtue of the Supremacy Clause, which makes the "Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties . . . the supreme Law of the Land," Art. VI, cl. 2"); *United States v. Napier*, 233 F.3d 394, 404 (6th Cir. 2000)("any state law that conflicts with federal law is without effect")(quotations omitted)

Each of the four factors the Court considers when deciding to issue a TRO or preliminary injunction point squarely in BCBST's favor. *Jacobs v. Securitas Elec. Sec. Inc.*, 2019 U.S. Dist. LEXIS 76018, *9 (N.D. Ohio Apr. 16, 2019)("the standard for issuing a TRO is the same as for a preliminary injunction; however, the emphasis is on the irreparable harm given that that purpose of a temporary restraining order is to maintain the status quo.")(quotation omitted).

First, BCBST has a strong likelihood of success on the merits of both its Sherman Act and Fifth Amendment claim. Second, there is a grave risk of irreparable harm if this Confidential Information is disclosed -- there will be no way to get this private information back from the public domain once it is disclosed, and no way to prevent the recipients of the information from using it in anticompetitive manners. The information, if disclosed, will make public extremely sensitive data regarding, *inter alia,* the "allowable amount" that BCBST pays individual providers for specific services furnished to BCBST members. The public disclosure of this

data will harm competition and consumers by: (i) facilitating collusion by providers in health care markets to raise prices and/or reduce quality of service; (ii) facilitating collusion by BCBST's competitors in the health plan administration market and adjacent health coverage and financing markets on prices and other metrics of competition; (c) enabling BCBST's actual and potential competitors to alter their bids based on BCBST's Confidential Information to disadvantage BCBST and impede effective competition from BCBST; and (d) disincentivizing BCBST and its competitors from vigorously competing for the State's business, which may reduce output. The disclosure will also create an environment ripe for fraud, as fraudsters will use to private data to appear more legitimate and promote fraudulent schemes.

Third, there is absolutely no harm to the State Employee Defendants or anyone else from not disclosing this information; in fact that will preserve the status quo. And finally the public interest is plainly benefited by ensuring that competitively sensitive information is kept confidential and the anticompetitive harms from its disclosure, as described above, do not materialize.

All of the Rule 65 factors strongly favor the issuance of a temporary restraining order preventing the disclosure of the BCBST Confidential Information, and therefore BCBST respectfully requests that this motion be granted and the State Employee Defendants be enjoined from disclosing the BCBST Confidential Information to Defendant Daniel or anyone else until further order this Court.

4848-6861-6366.1-1542-6990.1

4

Therefore, BCBST respectfully requests that the Court immediately enter a TRO enjoining the disclosure of the Confidential Information, ultimately followed by a preliminary and then a permanent injunction barring the disclosure of the Confidential Information.

Finally, immediately in advance of filing this motion for Temporary Restraining Order and, upon notice, counsel for Defendants advised they have no objection to the entry of the Temporary Restraining Order. For this additional reason, the Motion for Temporary Restraining Order should be granted.

Dated: December 13, 2019

Respectfully submitted,

/s/ Robert E. Boston, Esq.
Robert E. Boston, TN BPR #009744
Andrew A. Warth, TN BPR #027606
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
Telephone: (615) 244-6380
Facsimile (615) 244-6804
Drew.warth@wallerlaw.com

*Attorneys for BlueCross BlueShield of Tennessee, Inc.*

# **CERTIFICATE OF SERVICE**

      I hereby certify that on December 13, 2019, a copy of the foregoing Unopposed Motion for Temporary Restraining Order was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

Laurie S. Lee
Executive Director of the Department of Finance and Administration (Benefits Administration)
State of Tennessee
312 Rosa L. Parks Avenue, 19th Floor
Tennessee Tower
Nashville, TN  37243

                                                  /s/ Robert E. Boston, Esq.